IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 1:14-CR-00237 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **REGINALD LYNN BARTON, JR.** | : | |

## MEMORANDUM

Presently before the court is the motion (Doc. 36) of defendant Reginald Lynn Barton, Jr. ("Barton") to suppress all evidence resulting from a July 19, 2014 traffic stop. The court will deny Barton's motion.

## I.  Findings of Fact

The following findings are based primarily upon the court's assessment of the credibility of testimonial evidence offered during the evidentiary hearing held on November 10, 2015.

On July 19, 2014 at approximately 1:15 a.m., Harrisburg City Police Officer Brian Henry ("Officer Henry") was on duty and located at the intersection of Thompson Street and South 13th Street in Harrisburg, Pennsylvania. (See 11/10/15 Hr'g Tr. at 4:11-17).[1] He observed a tan Buick sedan pass by him as it headed northbound on South 13th Street. (Id. at 4:11-21). The driver was later determined to be Barton, who was borrowing a friend's car. (Id. at 20:3-6). Barton was

---

[1] As of the date of this opinion, an official transcript of the November 10, 2015 hearing is not available. The court reporter has provided the court with a rough draft of the transcript of that hearing, and citations thereto are abbreviated throughout as "11/10/15 Hr'g Tr." Pagination of the rough draft may vary from pagination of the official transcript.

traveling between ten and fifteen miles per hour. (Id. at 24:2-4). Officer Henry testified that he ran the registration of the sedan and discovered that it was under suspension for insurance cancellation. (Id. at 4:22-24).

Officer Henry turned onto South 13th Street and proceeded to follow Barton. (Id. at 6:7-11). Officer Mike Rudy ("Officer Rudy") and his partner were also on duty and stationed near the intersection of South 13th Street and Vernon Street. (Id. at 6:10-14, 21-22). Officer Henry briefly pulled over and verbally conveyed to Officer Rudy that he planned to stop the sedan. (Id. at 6:13-24). Officer Rudy initially followed Officer Henry, and then drove an alternate route to cut off the sedan. (Id. at 6:13-14; Doc. 36 at 2). Officer Henry continued to follow Barton as he made two right turns, and then turned left onto Zarker Street. (See 11/10/15 Hr'g Tr. at 7:16-22). At that point, Officer Henry turned on his patrol car lights and sirens, and Barton pulled over. (Id. at 7:18-23).

Barton exited the sedan and fled when Officer Henry instructed him to get back into the car. (Id. at 8:18-22, 9:8-10). The officers gave chase on foot, and ultimately restrained Barton with a taser and placed him under arrest. (Id. at 9:11-14; Doc. 41 at 2). Evidence recovered from Barton's person included a cell phone and $265 cash in mostly $20 bills. (See Doc. 41 at 2). Evidence recovered from the path of Barton's retraced steps as recalled by the officers included several grams of crack cocaine and a .22 caliber handgun. (See id.; Doc. 37 at 2). At the police station, Barton waived his Miranda rights and made statements to officers. (See Doc. 41 at 2-3). Officer Henry memorialized the July 19 events in the police report he prepared before his shift ended at 6 a.m. (See 11/10/15 Hr'g Tr. at 18:4-7).

## II. **Procedural History**

On September 10, 2014, a grand jury returned a three-count indictment against Barton. (Doc. 1). Barton is charged with (1) felon in possession of a firearm; (2) possession of a firearm in furtherance of drug trafficking; and (3) possession with intent to distribute a controlled substance. Id. Barton pleaded not guilty to all counts. (Doc. 10). On October 5, 2015, Barton filed the instant motion (Doc. 36) to suppress. On October 26, 2015, the United States filed its brief in opposition. (Doc. 41). The court conducted an evidentiary hearing on the motion on November 10, 2015. (See Doc. 47). The motion is fully briefed and ripe for disposition.

## III. **Discussion**

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. See U.S. CONST. AMEND. IV; Horton v. California, 496 U.S. 128, 133 (1990). Generally, a seizure is reasonable only if effectuated with a warrant supported by probable cause. See United States v. Robertson, 305 F.3d 164, 167 (3d Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 356-57 (1967)). The government bears the burden of demonstrating that an exception to the Fourth Amendment's warrant requirement existed at the time of the seizure. See U.S. v. Johnson, 63 F. 3d 242, 245 (3d Cir. 1995).

With regard to traffic stops, officers may make a warrantless, investigative stop of a vehicle when they have a "reasonable suspicion" of criminal conduct. See United States v. Hensley, 469 U.S. 221, 226 (1985); U.S. v. Lewis, 672 F.3d 232, 237 (3d Cir. 2012). A court determines whether reasonable suspicion exists by examining the totality of the circumstances. Lewis, 672 F.3d at 237. An officer has

reasonable suspicion to stop a vehicle when he or she has "specific, articulable facts to justify a reasonable suspicion to believe that an individual has violated the traffic laws." United States v. Delfin-Colina, 464 F.3d 392, 397 (3d Cir. 2006) (citing United States v. Cortez, 449 U.S. 411, 416 (1981)).  Provided that a "particularized and objective" basis for the stop exists, the purported subjective intent of an officer is irrelevant to the reasonable suspicion analysis.  United States v. Booker, 237 Fed. App'x 782, 784 (3d Cir. 2007) (non-precedential) (citations omitted).

In the case *sub judice*, Officer Henry had reasonable suspicion to believe that Barton was in violation of a traffic law.  Barton concedes that a legitimate basis for the traffic stop would exist if it were to be shown, in some fashion, that Officer Henry had notice of the suspended registration prior to the stop.  (See 11/10/15 Hr'g Tr. at 34:4-13).  The government's case for reasonable suspicion thus depends on the credibility of Officer Henry's testimonial account of his discovery of the registration suspension.  The court observed Officer Henry's demeanor during the evidentiary hearing and finds him credible.  Officer Henry testified that he had a clear view of the vehicle's license plate and that he immediately checked the registration status of the vehicle from a computer mounted in his patrol car.  He testified that the computer search revealed that the vehicle's registration was suspended due to insurance cancellation.  Officer Henry expressed certainty regarding his discovery of the registration suspension, stating that he had "no doubt" as to what he saw.  (Id. at 18:19).  His credibility is corroborated by his testimony that he had later viewed a certified copy of the Pennsylvania Department

of Transportation record indicating a suspension of registration for insurance cancellation.  (Id. at 17:3-12).

Barton's efforts to undermine Officer Henry's credibility fail.  Officer Henry's claim to have read the license plate of the passing sedan is non-suspect given the slow rate of speed at which Barton was driving.  (See *supra* Part I).  Further, Barton's pretext argument is unsuccessful in light of the uncontroverted testimony by Officer Henry that he promptly notified Officer Rudy of his intent to stop Barton, as well as the short distance over which Officer Henry followed Barton.  (See *supra* Part I).  The totality of the circumstances suggests that the stop of Barton fits the familiar pattern of reasonable suspicion grounded in an "officer's contemporaneous observation of a violation of motor vehicle laws."  See United States v. Johnson, No. 08-CR-18, 2008 WL 4287288, at *4 (M.D. Pa. Sept. 17, 2008) (collecting cases).  The court therefore finds that the exclusionary rule does not apply to evidence resulting from the stop.

## IV.  Conclusion

The motion (Doc. 36) to suppress will be denied.  An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        November 17, 2015